IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE DEPAKOTE: | ) |
| | ) |
| JANA HERTZBERG and | ) |
| JOHN HERTZBERG, individually and | ) |
| as parents and guardians of J.T.H. and | ) |
| J.N.H., | ) |
| | ) |
| Plaintiffs, | ) Case No. 14-CV-1052-MJR-SCW |
| | ) |
| vs. | ) Case No. 12-CV-52-NJR-SCW |
| | ) LEAD CONSOLIDATED CASE |
| ABBOTT LABORATORIES, INC., and | ) |
| ABBVIE, INC., | ) |
| Defendants. | ) |

## ORDER

**REAGAN, Chief District Judge:**

Before the Court is AbbVie Inc.'s and Richard Gonzalez's Motion to Quash Trial Subpoena, filed on January 4, 2018. (Doc. 59). Plaintiffs filed a response in opposition to the motion on January 11, 2018. (Doc. 89). AbbVie Inc. and Richard Gonzalez filed a reply on January 16, 2018. (Doc. 93). On December 8, 2017, after the close of discovery, Plaintiffs served a subpoena for Richard Gonzalez, AbbVie's Chief Executive Officer and Board Chairman, to appear at trial in this Depakote product liability case. (Doc. 59-2, p. 2). Additionally, within the same subpoena, Plaintiffs seek the production of Mr. Gonzalez's personnel file for his tenure at Abbott Laboratories and AbbVie Inc. along with his current Curriculum Vitae.[1] *Id.*

AbbVie Inc. and Richard Gonzalez (but not Abbott Laboratories) move to quash the

---

[1] In 2013, Defendant Abbott Laboratories, Inc., split off part of its business, including the rights to Depakote, into a separate publicly traded company, AbbVie, Inc. Accordingly, individuals filing claims after 2013 have included both Abbott and AbbVie as defendants in the litigation.

notice, claiming *inter alia*, that Plaintiffs seek testimony from Mr. Gonzalez that would be unfairly prejudicial and run afoul of FED. R. EVID. 403 and 404. No request for relief is made under FED. R. CIV. P. 45.

In support of their subpoena, Plaintiffs claim Mr. Gonzalez committed resume fraud by representing he earned a bachelor's degree in biochemistry from The University of Houston and a master's degree in biochemistry for The University of Miami. (Doc. 89, p. 2). There is no dispute that despite his representations, he does not hold either degree. Plaintiffs further assert that after Abbott became aware of the misrepresentations, it continued to perpetuate them to the public. Finally, Plaintiffs assert that Mr. Gonzalez was a member of the Pharmaceutical Executive Management Committee, which they allege was directly responsible for numerous strategic decisions impacting Depakote research, marking, and labeling. (Doc. 89, pp. 10-12).

When asked the purpose of the proposed testimony, AbbVie Inc. and Mr. Gonzalez were sent an explanation by Plaintiffs' counsel that led them to conclude he was not going to be asked about Depakote or any product liability issues. (Doc. 59, p. 1) ("Plaintiffs do not even bother trying to claim that Mr. Gonzalez has any material, relevant information about Depakote product liability issues – and he does not."). This is an oversimplification of Plaintiffs' letter and inaccurate to the extent it claims the stated purpose of the testimony completely excludes testimony about Depakote.

Plaintiffs' twenty two page response (Doc. 89) with its 385 pages of supporting documentation leaves no doubt "beating-up Mr. Gonzalez for resume fraud" is not the primary reason they seek his testimony. If the Court believed that this was the sole

motivation for the subpoena, it would be quashed summarily.[2] Instead, Mr. Gonzalez may provide relevant evidence under FED. R. EVID. 401, without violating the contours of Rules 403 and 404.

Since defendants rely upon evidentiary Rules 403 and 404 (and 401 without specifically saying so), and not FED. R. CIV. P. 45 regarding subpoenas, the motion to quash is really a motion to exclude testimony they deem irrelevant and/or overly prejudicial. As such it seems prudent to look at the motion to quash in reality as a motion *in limine*.

The undersigned has the power to exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds. *Cf. Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 463 n. 4, 83 L.Ed.2d 443 (1984) (federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials). Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. *See Middleby Corp. v. Hussmann Corp.*, No. 90 C 2744, 1993 WL 151290, at *1 (N.D. Ill. May 7, 1993); *see generally* 21 Charles A. Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* ¶¶ 5037, 5042 (1977 & Supp. 1993). At this stage of the case the court cannot find that Mr. Gonzalez' testimony would be "clearly inadmissible" on all grounds.[3]

Denial of the motion does not necessarily mean that all evidence contemplated by the Plaintiffs will be admitted at trial. Denial merely means that without the context of trial, the

---

[2] Having been around the block a few times, I am also mindful that sometimes (unethically) parties abuse process in an effort to coerce a settlement. I am confident such is not the case here. While I have not been involved in settlement negotiations regarding this specific case, I know Abbot has taken a "no settlement" posture in cases involving Depakote and allegations of cognitive injury. So plaintiffs are well aware that forcing the appearance of Mr. Gonzalez serves no settlement function.

[3] The Court believes this reserved approach is particularly appropriate given the significant deference the Court of Appeals gives its determinations on motions *in limine*. *See Aldridge v. Forest River, Inc.*, 635 F.3d 870, 875 (7th Cir. 2011) ("[T]he district court's decision [on a motion *in limine*] is to be overturned only if no reasonable person would agree with the trial court's ruling.").

Court is unable to determine whether the evidence in question should be excluded or admitted.

The proposed testimony of Mr. Gonzalez is uniquely appropriate for a "wait-and-see" review by the Court. I want to see how the trial progresses, the positions taken by the parties and where this proposed testimony fits—if at all. The course the evidence takes during this anticipated two week trial may result in rulings which at first blush appear to be contradictory or inconsistent. But changing evidence may require changed rulings. Indeed, a district court may even adjust its disposition of a motion *in limine* "during the course of a trial." *Farfaras v. Citizens Bank & Trust of Chicago,* 433 F.3d 558, 565 (7th Cir.2006).

The only certainty in the Depakote mass action is that these cases provide unique challenges requiring a patient thorough review of the issues. Ultimately, Mr. Gonzalez may be required to testify in Plaintiffs' case-in-chief, in rebuttal to Defendants' case, in the punitive damages phase if the case gets that far—or not at all. For planning purposes Mr. Gonzalez should make himself available to testify In East St. Louis, IL in this case upon twenty-four hours' notice. AbbVie Inc.'s and Richard Gonzalez's Motion to Quash Trial Subpoena is **DENIED** at this time.

**IT IS SO ORDERED.**

**DATED: January 16, 2018**

> *s/ Michael J. Reagan*
> **MICHAEL J. REAGAN**
> **Chief Judge**
> **United States District Court**